ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE          ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 54161
1200 WALNUT STREET, 6TH FLOOR
PHILADELPHIA, PA  19107
(215) 546-1345

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| MERVIN WILLIAMS | : | |
| 2654 S. DAGGETT ST. | : | CIVIL ACTION |
| PHILADELPHIA, PA  19142 | : | |
| | : | NO. 07-2248 |
| V. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| LAW DEPARTMENT | : | |
| 1515 ARCH STREET 14TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| POLICE OFFICER HOSPEDALE | : | |
| BADGE NO. 6299 | : | |
| LAW DEPARTMENT | : | |
| 1515 ARCH STREET 14TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| POLICE OFFICER LEROY WILSON | : | |
| BADGE NO. 4957 | : | |
| LAW DEPARTMENT | : | |
| 1515 ARCH STREET 14TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| POLICE OFFICER LOPEZ | : | |
| BADGE NO.  9771 | : | |
| LAW DEPARTMENT | : | |
| 1515 ARCH STREET 14TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| POLICE OFFICER JOHN DOE | : | |
| LAW DEPARTMENT | : | |
| 1515 ARCH STREET 14TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | JURY TRIAL DEMANDED |

**SERGEANT JOHN DOE** :
**LAW DEPARTMENT** :
**1515 ARCH STREET 14TH FLOOR** :
**PHILADELPHIA, PA 19102** :

## AMENDED COMPLAINT – CIVIL ACTION

1.      Plaintiff, Mervin Williams, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

2.      Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3.      Defendant, Police Officer Hospedale (previously incorrectly identified as Torresdale), Badge No.: 6299, was at all material times a police officer with the City of Philadelphia Police Department. Officer Hospedale is being sued both individually and in her official capacity as officer, agent and/or employee of defendant, City of Philadelphia.

4.      At all material times, defendant, Police Officer Hospedale acted within the course and scope of her employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

5.      Defendant, Police Officer Leroy Wilson, Badge No.: 4957, was at all material times a police officer with the City of Philadelphia Police Department. Officer Wilson is being sued both individually and in his official capacity as officer, agent and/or employee of defendant, City of Philadelphia.

6.      At all material times, defendant, Police Officer Leroy Wilson acted within the course and scope of his employment, under the color of state law and pursuant to the customs,

policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

7.      Defendant, Police Officer Lopez, Badge No.:  9771, was at all material times a police officer with the City of Philadelphia Police Department. Officer Lopez is being sued both individually and in his official capacity as officer, agent and/or employee of defendant, City of Philadelphia.

8.      At all material times, defendant, Police Officer Lopez acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

9.      Defendant, Police Officer John Doe, was at all material times a police officer with the City of Philadelphia Police Department. Officer John is being sued both individually and in his official capacity as officer, agent and/or employee of defendant, City of Philadelphia.

10.      At all material times, defendant, Police Officer John Doe acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

11.      Defendant, Sergeant John Doe, was at all material times a police officer with the City of Philadelphia Police Department. Sergeant John Doe is being sued both individually and in his official capacity as officer, agent and/or employee of defendant, City of Philadelphia.

12.    At all material times, defendant, Sergeant John Doe acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Philadelphia Police Department, and the defendant, City of Philadelphia.

13.    At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training, disciplining and supervising members of the City of Philadelphia Police Department including in particular the defendants, Police Officers Hospedale, Wilson, Lopez and Police Officer John Doe and Sergeant John Doe.

14.    The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §1331 and §1343 and jurisdiction over the State Law Claims, pursuant to the principals of pendant and ancillary jurisdiction.

15.    Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Philadelphia, Pennsylvania, which is in the Eastern District of Pennsylvania.

16.    On June 4, 2005, Plaintiff, Mervin Williams, had a verbal argument with his girlfriend.

17.    As a result of the verbal argument, defendants, Police Officers Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and Sergeant John Doe were called to Plaintiff's residence.

18.    Police Officers Hospedale and/or Wilson and /or Lopez and/or John Doe determined that no arrests needed to be made, but the Plaintiff's girlfriend insisted that the Plaintiff be arrested.

19.     Upon arriving on the scene, despite the lack of probable cause or legal justification, defendant Sergeant John Doe instructed defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or and John Doe to arrest Plaintiff.

20.     Plaintiff was handcuffed, arrested, and taken to police station at 55th and Pine.

21.     Plaintiff was detained at the police station at 55th and Pine for a couple of hours and then released without being charged with anything.

22.     Upon arriving home, Plaintiff's girlfriend returned to Plaintiff's house with a couple of her friends to pick up some personal belongings.

23.     Plaintiff left his girlfriend and her friends outside, and called the police.

24.     Defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe arrived at the house and talked to the girls outside.

25.     Defendants, Police Officers Hospedale and/or Wilson and /or Lopez and/or John Doe then knocked on Plaintiff's door.

26.     When Plaintiff opened the door, Defendants, Police Officers Hospedale and/or Wilson and /or Lopez and/or John Doe, without probable cause, exigent circumstances, consent or other legal justification, forced their way into Plaintiff's house.

27.     Defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, then got in Plaintiff's face, said he was "pissing him off", and then without provocation or cause punched Plaintiff with both fists in the chest.

28.     As a result of being punched in the chest, Plaintiff fell backwards, hitting his back on the couch and causing injury to the Plaintiff.

29.   After punching Plaintiff in the chest, Police Officers Hospedale and/or Wilson and /or Lopez and/or John Doe left Plaintiff's residence without charging him.

30.   Defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe violated Plaintiff's Fourth Amendment rights by illegally arresting him without probable cause, illegally entering his residence without a warrant, consent, or exigent circumstances, and by using excessive or unreasonable force against the Plaintiff.

31.   As a direct and proximate result of the aforementioned acts and conduct of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, the plaintiff, Mervin Williams, sustained injuries including, bilateral cervical strain and sprain, bilateral thoracic strain and sprain, bilateral lumbosacral strain and sprain, right medial and lateral epicondylitis, and right bicep tendinitis, as well as, severe emotional distress, and anxiety, all of which required treatment and therapy.

32.   As a direct and proximate result of the aforementioned actions of the defendants, Police Offiicer Hospedale and/or Wilson and /or Lopez and/or John Doe and/or Sergeant John Doe, Plaintiff, Mervin Williams suffered disability, mental anguish and emotional distress and will continue to suffer same to his great detriment and loss.

33.   As a direct and proximate result of the aforementioned actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, plaintiff, Mervin Williams, has been obliged to and may continue to expend various sums of money and to incur various expenditures for medical treatment for an indefinite period of time in the future, to his great detriment and loss.

34.     As a direct and proximate result of the aforementioned actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, plaintiff, Mervin Williams, has and will hereinafter incur other financial expenses and losses.

## COUNT I- 42 U.S.C. §1983
## FALSE ARREST -FOURTH AMENDMENT
## MERVIN WILLIAMS V. POLICE OFFICER HOSPEDALE AND/OR WILSON AND /OR LOPEZ AND/OR POLICE OFFICER JOHN DOE AND SERGEANT JOHN DOE,

35.     Paragraphs 1 through 34 are incorporated herein by reference, as though each were fully set forth herein at length.

36.     As aforesaid, defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the City of Philadelphia's Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from an unlawful arrest; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

37.     As aforesaid, defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia's Police Department, intentionally and maliciously arrested plaintiff without probable cause or legal justification, which violated the plaintiff's

rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

38.      As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, the plaintiff, Mervin Williams, suffered injuries that are described above.

39.      The above-described actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, in their individual capacity, were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Mervin Williams, demands compensatory and punitive damages against defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe and/or Sergeant John Doe, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT II- 42 U.S.C. §1983**</u>
<u>**ILLEGAL ENTRY -FOURTH AMENDMENT**</u>
<u>**MERVIN WILLIAMS V. POLICE OFFICER HOSPEDALE AND/OR WILSON AND**</u>
<u>**/OR LOPEZ AND/OR POLICE OFFICER JOHN DOE**</u>

40.      Paragraphs 1 through 39 are incorporated herein by reference, as though each were fully set forth herein at length.

41.      As aforesaid, defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the City of Philadelphia's Police Department; deprived plaintiff of his rights, privileges and immunities

under the Laws and Constitutions of the United States; in particular, the right to be free from an illegal entry; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

42.     As aforesaid, defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia's Police Department, illegally entered plaintiff's residence without probable cause, a warrant, exigent circumstances, consent or other legal justification, which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

43.     As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, the plaintiff, Mervin Williams, suffered injuries that are described above.

44.     The above-described actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, in their individual capacity, were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Mervin Williams, demands compensatory and punitive damages against defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT III- 42 U.S.C. §1983**
**EXCESSIVE FORCE -FOURTH AMENDMENT**
**MERVIN WILLIAMS V. POLICE OFFICER HOSPEDALE AND/OR WILSON AND**
**/OR LOPEZ AND/OR POLICE OFFICER JOHN DOE**

45.     Paragraphs 1 through 44 are incorporated herein by reference, as though each were fully set forth herein at length.

46.     As aforesaid, defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the City of Philadelphia's Police Department; deprived plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from excessive or unreasonable force; all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

47.     As aforesaid, defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia's Police Department, intentionally and maliciously assaulted and battered, plaintiff, Mervin Williams, and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

48.     As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, the plaintiff, Mervin Williams, suffered injuries that are described above.

49.     The above-described actions of the defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, in their individual capacity, were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, Mervin Williams, demands compensatory and punitive damages against defendants, Police Officer Hospedale and/or Wilson and /or Lopez and/or Police Officer John Doe, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>COUNT IV – 42 U.S.C. §1983</u>
<u>MONELL CLAIM</u>
<u>MERVIN WILLIAMS V. CITY OF PHILADELPHIA</u>

50.    Paragraphs 1 through 49 are incorporated herein by reference, as though each were fully set forth herein at length.

51.    The plaintiff, Mervin Williams, believes and therefore avers that defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of condoning and/or acquiescing illegal arrests, illegal entries and the use of excessive force by its officers, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

48.    The plaintiff believes and therefore avers that the defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, supervise and/or discipline police officers, including the individual defendants in this case, regarding constitutional restraints on arresting persons, entering citizens residences and the use of force, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

49.    The defendant, City of Philadelphia, has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from illegal arrest, illegal entry and

excessive force and their deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania.

50.     The plaintiff believes and therefore avers, that at the time of his arrest and the subsequent use of force, defendant, City of Philadelphia, knew or should have known of the above described policy, custom and/or practice of the City of Philadelphia Police Department, and that defendant deliberately, knowingly and/or intentionally failed to take measures to stop or limit the policy, custom and/or practice including but not limited to, inter alia:

a.      Failure to restrain illegal arrests, illegal entries and the use of excessive force on citizens by the Officers of City of Philadelphia's Police Department;

b.      Failure to properly train, test and/or select its officers in arrest, entries and the proper use of force:

c.      Failure to have clear, concise and appropriate directives;

d.      Failure to properly supervise and/or control its officers;

e.      Failure to restrain the use of excessive force, and to have clear concise and appropriate directives regarding same;

f.      Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations and/or supervisory briefing/discussion with members of the City of Philadelphia's Police Department with prior and ongoing complaints of excessive force;

g.      Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the City of Philadelphia's Police Department;

h.      Failure to prevent plaintiff from being injured by its officers where defendant knew or had reason to know of the dangerous propensities of said officers;

i.      Failure to have in existence and/or maintain proper

personnel training procedures necessary to prevent the
type of conduct as aforesaid;

51.     The foregoing acts, omissions and systematic deficiencies are policies, practices

and/or customs of defendant, City of Philadelphia, and violated the plaintiff's rights under the

Fourth Amendment or caused the plaintiff's rights to be violated.

WHEREFORE, plaintiff, Mervin Williams, demands compensatory damages

against defendant, City of Philadelphia, in an amount in excess of One Hundred Thousand

($100,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,

BY;_____
    ALAN DENENBERG, ESQUIRE

**ABRAMSON & DENENBERG, P.C.**
**BY: ALAN E. DENENBERG, ESQUIRE**          **ATTORNEY FOR PLAINTIFF**
**IDENTIFICATION NUMBER: 54161**
**1200 WALNUT STREET, 6TH FLOOR**
**PHILADELPHIA, PA  19107**
**(215) 546-1345**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **MERVIN WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| **V.** | : | **NO.  07-2248** |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | |

### CERTIFICATE OF SERVICE

I, Alan Denenberg, Esquire, hereby certify that on June 14, 2007, a true and correct copy of Plaintiff's Amendment Complaint was served via First Class Mail, postage prepaid on the following:

City of Philadelphia
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

Date:  June 14, 2007

_____
ALAN DENENBERG, ESQUIRE